Dear Mr. Peters:
You requested that this office address an issue arising from the reassessment of property and the establishment of millage rates required in Article VII, Section 23 of the Louisiana Constitution.
Calendar year 2000 was a reassessment year. The Louisiana Tax Commission (the "Commission") determined that several parishes did not reassess in 2000 as mandated. The Commission ordered Assumption, Avoyelles and Lafayette Parishes to reassess for the year 2001. In Op. Atty. Gen. 01-295, this office opined that if the Commission determined that the 2000 reassessment was fatally flawed and no reappraisal was completed, there was no reassessment in 2000. The reassessment occurred in 2001 and the "prior year's maximum authorized millage rate" would be the 2000 maximum authorized millage rate.
Your question concerns the multi-parish districts located within these three parishes. Some of the districts rolled forward to the "prior year's maximum" for the 2000 tax year, which reestablishes the "prior year's maximum" millage. Other portions of the districts rolled forward to the "prior year's maximum" for the 1999 tax year. Your question is what is the "prior year's maximum" for these multi-parish districts.
The millage rates in multi-parish districts must be uniform throughout the district and are to be determined on the basis of total assessments within the districts. R.S. 33:9005 and R.S. 47:1925.4. In general, they require each taxing district whose jurisdiction encompasses more than one parish to adjust their millage so that the adjusted millage is uniform throughout the district. The five multi-parish districts at issue now have two different "prior year's maximum" millages because the "prior year's maximum" is the year prior to reassessment and reassessment in the parishes occurred in two different years. See, Ops.Atty.Gen. 01-295, 00-245, 00-245(A), 82-758, 93-339, 82-249.
In order to comply with both the Constitutional mandate of reassessment and the uniformity requirements of the statutes, it is the opinion of this office that the adjusted maximum millage after reassessment is the lowest prior year maximum rate of the relevant parishes. For example, you advised that the Bayou Lafourche Fresh Water District's (the "District") prior year's maximum in Assumption Parish is 2.11 mills and in the remaining parishes within the District, the "prior year's maximum" is 2.19 mills. In that instance, the District's adjusted millage cannot be more than 2.11 mills. To opine differently would allow for an adjusted millage in Assumption Parish in an amount greater than what is allowed under the Constitution. This we cannot do.
Trusting this adequately responds to your request, we remain
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: ___________________________ MARTHA S. HESS Assistant Attorney General
RPI/MSH
DATE RECEIVED:
DATE RELEASED: September 28, 2001